## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VB ASSETS, LLC, | |
| Plaintiff, | |
| v. | C.A. No. 1:24-cv-00839-MN |
| AMAZON.COM SERVICES LLC, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

## ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT

*Of counsel:*

J. David Hadden CSB No. 176148
dhadden@fenwick.com
Saina S. Shamilov, CSB No. 215636
sshamilov@fenwick.com
Ravi R. Ranganath, CSB No. 272981
rranganath@fenwick.com
Vigen Salmastlian, CSB No. 276846
vsalmastlian@fenwick.com
**FENWICK & WEST LLP**
801 California Street
Mountain View, CA  94041
(650) 988-8500

Dated: October 21, 2024

Steven J. Balick (#2114)
sbalick@ashbygeddes.com
Andrew C. Mayo (#5207)
amayo@ashbygeddes.com
**ASHBY & GEDDES, P.A.**
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888

*Counsel for Defendant*
*Amazon.com Services LLC*

Defendant Amazon.com Services LLC ("Amazon") hereby answers the Complaint of plaintiff VB Assets, LLC ("VB Assets") as follows.

Amazon admits that VB Assets filed a first lawsuit against Amazon in 2019. *VB Assets, LLC v. Amazon.com Services LLC*, 1-19-cv-01410 (D.Del.) ("prior litigation"). Amazon admits that in November 2023, a Delaware federal jury returned a verdict of willful infringement of four patents asserted in that case and awarded $46.7 million in damages based on a running royalty. Amazon denies that it infringes, or has infringed, any of the patents asserted in that case. Indeed, on September 30, 2024, the Court entered judgment as a matter of law of non-infringement of one of those patents because no reasonable jury could have found that the accused Amazon technology infringed the asserted claim of that patent, and concluded that any purported willful infringement did not merit enhancement. The Court reduced the jury's award consistent with its non-infringement judgment as to one asserted patent. Amazon expects to prevail in its forthcoming Federal Circuit appeal because the jury's verdict was not supported by substantial evidence. Amazon denies that the prior litigation bears on the claims and allegations included in VB Assets' complaint in this case.

Amazon admits that VB Assets filed this second lawsuit against Amazon asserting U.S. Patent Nos. 10,297,249, 10,755,699, 11,087,385, 11,080,758 and 9,502,025 (the "Patents-in-Suit"). Amazon further admits that VB Assets' complaint purports to accuse Amazon's natural language understanding technology and the alleged use of so-called large language models or LLMs. Amazon denies that VB Assets' allegations have any merit, or that VB Assets is entitled to any relief whatsoever. To the extent these introductory paragraphs constitute allegations, Amazon denies them to the extent not specifically admitted above.

## FACTUAL BACKGROUND

A.    **VB Assets' 2002-2010 Allegations**[1]

1.    Amazon denies the allegations of paragraph 1 of the complaint.

2.    Amazon lacks knowledge or information sufficient to admit or deny the allegations of paragraph 2 of the complaint and, on that basis, denies them.

3.    Amazon admits that VB Assets purports to reference a television news clip of VoiceBox posted on YouTube at https://www.youtube.com/watch?v=DDcRyPnvWhw.  Amazon denies the remaining allegations of paragraph 3 of the complaint.

B.    **VB Assets' 2011 Allegations**[2]

4.    Amazon admits that VoiceBox contacted Amazon in 2011 to explore a business partnership.  Amazon admits that it agreed to discuss VoiceBox's proposal in a subsequent phone call on October 7, 2011, and asked VoiceBox to provide slides to facilitate that call.  Amazon admits that VoiceBox provided slides that included the words "patented Contextual Speech Technology."  Amazon admits that VB Assets purports to copy screenshots from the presentation as Figure 2.  Amazon denies the remaining allegations of paragraph 4 of the complaint and denies that the alleged communications are relevant to any issue in this case.

5.    Amazon admits that Amazon employee Nick Komorous invited VoiceBox to attend an in-person meeting at Amazon's offices, to take place on or around October 19, 2011.  Amazon admits that Mr. Komorous initially proposed to invite "a few engineers and product/biz dev

---

[1] To the extent VB Assets intends the headings or subheadings in its complaint to constitute allegations, Amazon explicitly denies all of them.

[2] Throughout its complaint, VB Assets purports to summarize, paraphrase, or selectively quote from documents, including, *e.g.*, email communications, rather than attaching the documents themselves.  Nothing in Amazon's response should be construed as an admission that VB Assets' self-serving interpretations are accurate; indeed, the documents speak for themselves.

members of [Amazon's] digital team," and that this would be the "right audience" given VoiceBox's request to discuss its business proposal related to certain Amazon devices.  Amazon admits that Nick Komorous, Ian Freed, Greg Hart, Al Lindsay, and Frederic Deramat attended the October 19, 2011 meeting.  Amazon denies that Douglas Booms attended the October 19, 2011 meeting.  Amazon denies the remaining allegations of paragraph 5 of the complaint and denies that the alleged communications are relevant to an issue in this case.

6.    Amazon admits that on October 21, 2011, Nick Komorous sent an email in which he agreed to VoiceBox's offer to conduct a "deeper dive" at VoiceBox's office and proposed that the meeting occur sometime the following week.  Amazon admits that Amazon and VoiceBox representatives had a meeting on October 26, 2011 at VoiceBox's office.  Amazon denies the remaining allegations of paragraph 6 of the complaint and denies that the alleged communications are relevant to any issue in this case.

7.    Amazon admits that Nick Komorous sent VoiceBox representatives an email including the words "engineering heavy" and "Amazon's culture."  Amazon denies that Mr. Komorous requested that VoiceBox have engineering and speech representation at the meeting.  Amazon denies the remaining allegations of paragraph 7 of the complaint and denies that the alleged communications are relevant to any issue in this case.

8.    Amazon admits that the October 26, 2011 meeting at VoiceBox's office occurred between 10 am and 12 pm, and that an email sent afterward suggested that some attendees stayed until around 2:30 pm.  Amazon denies the remaining allegations of paragraph 8 of the complaint and denies that the alleged interactions are relevant to any issue in this case.

9.    Amazon admits that VoiceBox claims to have displayed slides at the October 26, 2011 meeting, and purports to reproduce screenshots from this slide deck as Figures 3 and 4 to the

complaint.  Amazon admits that the screenshot in Figure 3 suggests that VoiceBox had 12 patents and 14 pending applications at the time.  Amazon lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 9 of the complaint, and at least on that basis, denies them.  Amazon further denies that the alleged interactions referenced in this paragraph are relevant to any issue in this case.

10.    Amazon admits that VoiceBox purports to reproduce as Figure 5 a screenshot from a presentation titled "Voice Services on Amazon Web Services Across Platforms."  Amazon denies the remaining allegations of paragraph 10 of the complaint and denies that the alleged interactions are relevant to any issue in this case.

11.    Amazon admits that the employees who attended the October 2011 meetings have held various positions at Amazon, including some leadership positions.  Amazon admits that Ian Freed's LinkedIn profile states that he worked as a Director, Tech. Assistant to the CEO in 2005-2006, and later became Vice President, Amazon Devices in 2010.  Amazon admits that Greg Hart's LinkedIn profile states he was a Technical Advisor to the CEO in 2009-2011.  Amazon admits that Al Lindsay's LinkedIn profile states he was Vice President, Alexa Engine Software from 2011-2019.  Amazon admits that Frederic Deramat's LinkedIn profile states that he has held the role of Vice President and Distinguished Engineer, Amazon Alexa since 2011.  Amazon admits that John Thimsen's LinkedIn profile states he was a Director of Engineering, Amazon Echo in 2011-2015. Amazon lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 11 of the complaint and, on that basis, denies them.  Amazon denies that the positions held by the Amazon personnel identified in paragraph 11 of the complaint are relevant to any issue in this case.

12.    Amazon denies the allegations of paragraph 12 of the complaint and denies that the

alleged interactions are relevant to any issue in this case.

13.     Amazon admits that a VoiceBox representative emailed Nick Komorous on October 28, 2011.  Amazon admits that Mr. Komorous replied and stated that Amazon was "still discussing internally how contextual speech / cybermind 2012 could play a part in our future." Amazon admits that it chose not to pursue a business relationship with VoiceBox because VoiceBox's primitive speech products did not meet Amazon's technical or business needs at the time.  Amazon denies the remaining allegations of paragraph 13 of the complaint and that the alleged interactions are relevant to any issue in this case.

**C.     VB Assets' 2011-2016 Allegations**

14.     Amazon lacks knowledge or information sufficient to admit or deny the allegations of paragraph 14 of the complaint and, on that basis, denies them.

15.     Amazon lacks knowledge or information sufficient to admit or deny the allegations of paragraph 15 of the complaint and, on that basis, denies them.

16.     Amazon lacks knowledge or information sufficient to admit or deny the allegations of paragraph 16 of the complaint and, on that basis, denies them.

17.     Amazon admits that VB Assets purports to include a photograph of VoiceBox employees.  Amazon lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 17 of the complaint and, on that basis, denies them.

**D.     VB Assets' 2014-2017 Allegations**

18.     Amazon admits that it launched Alexa, Amazon's cloud-based voice service, and Echo, a smart speaker featuring the Alexa service, on or around 2014.  Amazon lacks knowledge or information sufficient to admit or deny the allegation regarding VoiceBox's purported reaction to the announcement, and on that basis denies the allegation.  Amazon denies the remaining allegations of paragraph 18 of the complaint.

19.     Amazon admits that it hired Philippe Di Cristo, who was formerly a Chief Scientist at VoiceBox, in 2016 after Mr. Di Cristo reached out to Amazon following layoffs at VoiceBox. Amazon admits that Mr. Di Cristo's LinkedIn page states that he had worked on an "Amazon Echo-like system" while at VoiceBox.  Amazon specifically denies it conducted any efforts to supplant or replace VoiceBox, did any mimicry of VoiceBox, or used any of VoiceBox's purported technology.  Amazon lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 19 of the complaint, and on that basis, denies them.  Amazon denies that the event is relevant to the assertions in this case.

20.     Amazon admits there was an event planned for January 10, 2017 at Seastar restaurant.  Amazon admits that Philippe Di Cristo was initially listed as a speaker for the event but did not attend.  Amazon lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 20 of the complaint, and on that basis, denies them.  Amazon denies that the event is relevant to the assertions in this case.

21.     Amazon admits that Mike Kennewick, CEO of VoiceBox Technologies, sent a letter to Jeff Bezos, then CEO of Amazon, on January 17, 2017 proposing that Amazon acquire VoiceBox.  Amazon admits that Mr. Kennewick's correspondence claimed that VoiceBox had a portfolio of technology and intellectual property.  Amazon denies the remaining allegations of paragraph 21 of the complaint and denies that the correspondence is relevant to the assertions in this case.

**E.     VB Assets' 2017 Allegations**

22.     Amazon admits that Douglas Booms, then Vice President of Worldwide Corporate Development, sent an email to Mike Kennewick on January 20, 2017.  Amazon denies the remaining allegations of paragraph 22 of the complaint.  Amazon denies that the communications are relevant to any issue in this case.

23.    Amazon admits that Amazon employees including Nikko Ström met with VoiceBox on February 2, 2017.  Amazon denies that VoiceBox provided a detailed technical presentation, including information about patents and pending applications.  Amazon lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 23 of the complaint, and on that basis, denies them.  Amazon denies that the alleged communications are relevant to any issue in this case.

24.    Amazon admits that VB Assets purports to include a screenshot from the slide deck presented at the February 2, 2017 meeting.  Amazon denies that slides in the presentation listed all VoiceBox patents and published applications at the time.  Amazon denies the remaining allegations of paragraph 24 of the complaint.  Amazon denies that the alleged communications are relevant to any issue in this case.

25.    Amazon admits that Douglas Booms emailed VoiceBox on February 16, 2017 proposing to send a "diligence list" to which VoiceBox would respond.  Amazon admits that Nick Komorous sent a follow up email to VoiceBox representatives on February 20, 2017 purporting to attach a "due diligence request list."  Amazon admits that VB Assets purports to include excerpts from a "Preliminary Due Diligence List" document allegedly provided by VoiceBox.  Amazon denies the remaining allegations of paragraph 25 of the complaint.  Amazon denies that the alleged communications are relevant to any issue in this case.

26.    Amazon lacks knowledge or information sufficient to admit or deny the allegations of paragraph 26 of the complaint, and on that basis, denies them.  Amazon denies that the alleged communications are relevant to any issue in this case.

27.    Amazon admits that one or more Amazon representatives met with VoiceBox representatives in or around March 2017.  Amazon admits that in a March 14, 2017 email to

Amazon, Mike Kennewick claimed that VoiceBox had "[p]atents that could be useful as the market goes mainstream."  Amazon denies the remaining allegations of paragraph 27 of the complaint. Amazon denies that the alleged communications are relevant to any issue in this case.

28.     Amazon admits that it had no interest in acquiring or partnering with VoiceBox due to the limited capabilities of VoiceBox's primitive speech products.  Amazon specifically denies that it was interested in VoiceBox's intellectual property and know-how.  Amazon denies the remaining allegations of paragraph 28 of the complaint.

29.     Amazon specifically denies that it was targeting VoiceBox.  Amazon lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 29 of the complaint, and on that basis, denies them.

**F.     VB Assets' 2019-2023 Allegations**

30.     Amazon admits that on July 29, 2019, VB Assets filed a complaint for patent infringement against Amazon in this District, asserting infringement of U.S. Patent Nos. 8,073,681, 7,818,176, 8,886,536, 9,269,097, 9,015,049, and 9,626,703.  Amazon admits that the asserted patents in the prior litigation and certain Patents-in-Suit claim priority to overlapping patent applications.  Amazon denies the remaining allegations of paragraph 30 of the complaint.

31.     Amazon admits that it vigorously litigated its prior case against VB Assets, and that it asserted a defense of invalidity based on lack of patent eligibility under 35 U.S.C. § 101. Amazon admits that it submitted an opening expert report spanning over 1500 pages explaining why the asserted patents are invalid based on numerous grounds.  Amazon admits that it argued at trial that Alexa's automated speech recognition and natural language understanding components utilize deep neural network and machine learning technology neither claimed nor described in VB Assets' technologically-vacuous patents, and that Amazon's technology stood in stark contrast to the failed, primitive, rule-based voice processing system VoiceBox had developed.  Amazon

admits that on November 8, 2023, a Delaware jury returned a verdict of infringement and non-invalidity of the asserted claims, found that purported infringement willful, and awarded VB Assets $46.7 million in damages based on a running royalty.  Amazon denies the remaining allegations of paragraph 31 of the complaint.  Amazon denies that the jury's verdict was supported by substantial—or in some cases, any—evidence, as the Court's JMOL Order shows in part and Amazon's forthcoming appeal will establish conclusively.

32.     Amazon admits that in September 2023, it announced future plans to implement generative artificial intelligence technology.  Amazon admits that VB Assets purports to include an annotated screenshot from a document titled "Personalization and context."  Amazon denies that this technology has anything to do with VoiceBox, VB Assets, their patents and purported technology, or the parties' prior litigation.  Amazon denies the remaining allegations of paragraph 32 of the complaint.

33.     Amazon admits that it argued during trial that Alexa does not use "context" as that term was used in the specific claims asserted in that case and as that term was construed by the Court.  Amazon admits that Dave Limp, former SVP of Devices and Services at Amazon, gave a presentation regarding certain prospective Alexa features in or around September 2023.  Amazon admits that VB Assets purports to include screenshots from this presentation.  Amazon denies the remaining allegations of paragraph 33 of the complaint.

34.     Amazon denies the allegations of paragraph 34 of the complaint.

35.     Amazon denies the allegations of paragraph 35 of the complaint.

### THE PARTIES

36.     Amazon lacks knowledge or information sufficient to admit or deny the allegations of paragraph 36 of the complaint and, on that basis, denies them.

37.     Amazon admits that Amazon.com Services LLC is a Delaware limited liability

company with its principal place of business at 410 Terry Avenue North, Seattle, WA, 98109. Amazon admits that Amazon.com Services LLC sells and offers to sell products and services that use Alexa, Amazon's cloud-based voice service.

### JURISDICTION AND VENUE

38.    Amazon admits that VB Assets purports to allege an action under the patent laws of the United States and that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

39.    Amazon admits for purposes of this case only that this Court has personal jurisdiction over Amazon.  Amazon admits that Amazon.com Services LLC is incorporated under the laws of the State of Delaware, and that it sells or offers to sell products and/or services to customers in this judicial district.  Amazon denies the remaining allegations of paragraph 39 of the complaint.

40.    Amazon admits that Amazon.com Services LLC is incorporated under the laws of the State of Delaware and that venue is thus proper under 28 U.S.C. § 1400(b).  Amazon denies the remaining allegations of paragraph 40 of the complaint.

### OVERVIEW OF THE PATENTS-IN-SUIT

### THE 249 AND 699 PATENTS

41.    Amazon admits that U.S. Patent No. 10,297,249 ("the 249 patent") lists "System and Method for a Cooperative Conversational Voice User Interface" as the title, May 21, 2019 as the issue date, and Larry Baldwin, Tom Freeman, Michael Tjalve, Blane Ebersold, and Chris Weider as the inventors on the face of the patent.  Amazon lacks knowledge or information sufficient to admit or deny that Exhibit A is a true and correct copy of the 249 patent, and on that basis denies it, but admits that Exhibit A purports to be a true and correct copy of the 249 patent. Amazon denies the remaining allegations of paragraph 41 of the complaint.

42.     Amazon admits that independent claim 16 of the 249 patent recites: "[a] system for facilitating natural language system responses via short-term knowledge generated based on one or more prior multi-modal device interactions, the system comprising: one or more physical processors programmed with one or more computer program instructions which, when executed, cause the one or more physical processors to: receive, during a first conversation, a first voice input via a first input device, the first voice input comprising a first natural language utterance; receive a second voice input comprising the first natural language utterance via a second input device; compare the first voice input with the second voice input; filter sound from the first voice input and the second voice input based on the comparison; obtain, during the first conversation, a user interface state related to one or more non-voice inputs associated with the first voice input, the one or more non-voice inputs comprising at least a first non-voice input; generate the short-term knowledge based on at least the first voice input and the first non-voice input; determine, based on the short-term knowledge, a first context for the first natural language utterance; determine, based on the first context, an interpretation of the first natural language utterance; and generate, based on the interpretation of the first natural language utterance, a first response to the first natural language utterance."  Amazon denies the remaining allegations of paragraph 42 of the complaint.

43.     Amazon admits that the 249 patent lists VB Assets, LLC, as the assignee.  Amazon lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 43 of the complaint, and on that basis, denies them.

44.     Amazon admits that U.S. Patent No 10,755,699 ("the 699 patent") lists "System and Method for a Cooperative Conversational Voice User Interface" as the title, August 25, 2020 as its issue date, and Larry Baldwin, Tom Freeman, Michael Tjalve, Blane Ebersold, and Chris

Weider as the inventors on the face of the patent. Amazon lacks knowledge or information sufficient to admit or deny that Exhibit B is a true and correct copy of the 699 patent, and on that basis denies it, but admits that Exhibit B purports to be a true and correct copy of the 699 patent. Amazon denies the remaining allegations of paragraph 44 of the complaint.

45.     Amazon admits that independent claim 12 of the 699 patent recites: "[a] system for generating natural language system responses adapted based on a user's manner of speaking, the system comprising: one or more physical processors programmed with one or more computer program instructions which, when executed, configure the one or more physical processors to: receive a user input comprising a natural language utterance; recognize one or more words or phrases from the natural language utterance; identify a context for the natural language utterance based on the one or more words or phrases recognized from the natural language utterance; determine an interpretation of the natural language utterance based on the identified context; accumulate short-term knowledge based on one or more natural language utterances received during a predetermined time period, wherein the one or more natural language utterances received during the predetermined time period are related to a single conversation between a user and the computer system; accumulate long-term knowledge, wherein the long-term knowledge is accumulated based on one or more natural language utterances received prior to the predetermined time period; identify a manner in which the natural language utterance was spoken based on the short-term knowledge and the long-term knowledge; and generate a response to the natural language utterance based on the interpretation and the identified manner in which the natural language utterance was spoken." Amazon denies the remaining allegations of paragraph 45 of the complaint.

46.     Amazon admits that the 699 patent lists VB Assets, LLC, as the assignee. Amazon

Case 1:24-cv-00839-MN    Document 12    Filed 10/21/24    Page 14 of 31 PageID #: 323


lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 46 of the complaint, and on that basis, denies them.

47.     Amazon admits that the 249 and 699 patents refer to the existence of "Command Control" prior art.  Amazon lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 47 of the complaint, and on that basis, denies them.

48.     Amazon lacks knowledge or information sufficient to admit or deny the allegations of paragraph 48 of the complaint, and on that basis, denies them.

49.     To the extent any of VB Assets' allegations rely on claim terms or phrases that the Court has not yet construed, Amazon can neither admit nor deny such allegations in the absence of guidance from the Court regarding the proper construction for these terms, and on that basis denies the allegations.  Amazon denies the remaining allegations of paragraph 49 of the complaint.

50.     To the extent any of VB Assets' allegations rely on claim terms or phrases that the Court has not yet construed, Amazon can neither admit nor deny such allegations in the absence of guidance from the Court regarding the proper construction for these terms, and on that basis denies the allegations.  Amazon denies the remaining allegations of paragraph 50 of the complaint.

51.     Amazon denies the allegations of paragraph 51 of the complaint.

52.     To the extent any of VB Assets' allegations rely on claim terms or phrases that the Court has not yet construed, Amazon can neither admit nor deny such allegations in the absence of guidance from the Court regarding the proper construction for these terms, and on that basis denies the allegations.  Amazon denies the remaining allegations of paragraph 52 of the complaint.

53.     Amazon denies the allegations of paragraph 53 of the complaint.

54.     Amazon denies the allegations of paragraph 54 of the complaint.

55.     Amazon admits that during prosecution of the 249 patent, the examiner rejected

application claims as being unpatentable over U.S. Patent No. 6,219,645 by Byers, U.S. Patent Publication No. 2004/0044516 by Kennewick et al., U.S. Patent Publication No. 2004/0006475 by Ehlen et al., and U.S. Patent No. 7,072,888 by Perkins.  Amazon admits that the examiner eventually allowed the claims of the 249 patent.  Amazon denies the remaining allegations of paragraph 55 of the complaint.

56.    To the extent any of VB Assets' allegations rely on claim terms or phrases that the Court has not yet construed, Amazon can neither admit nor deny such allegations in the absence of guidance from the Court regarding the proper construction for these terms, and on that basis denies the allegations.  Amazon denies the remaining allegations of paragraph 56 of the complaint.

57.    To the extent any of VB Assets' allegations rely on claim terms or phrases that the Court has not yet construed, Amazon can neither admit nor deny such allegations in the absence of guidance from the Court regarding the proper construction for these terms, and on that basis denies the allegations.  Amazon denies the remaining allegations of paragraph 57 of the complaint.

58.    Amazon admits that during prosecution of the 699 patent, the examiner rejected application claims as being unpatentable over U.S. Patent Publication No. 2004/0044516 by Kennewick et al. and U.S. Patent No. 7,072,888 by Perkins.  Amazon admits that the examiner eventually allowed the claims of the 699 patent.  Amazon denies the remaining allegations of paragraph 58 of the complaint.

**THE 385 PATENT**

59.    Amazon admits that U.S. Patent No. 11,087,385 ("the 385 patent") lists "Voice Commerce" as the title, August 10, 2021 as the issue date, and Michael R. Kennewick, Sr. as the inventor on the face of the patent.  Amazon lacks knowledge or information sufficient to admit or deny that Exhibit C is a true and correct copy of the 385 patent, and on that basis denies it, but admits that Exhibit C purports to be a true and correct copy of the 385 patent. Amazon denies the

remaining allegations of paragraph 59 of the complaint.

60.     Amazon admits that independent claim 16 of the 385 patent recites: "[a] system for providing voice commerce, the system comprising: one or more physical processors programmed with computer program instructions which, when executed, cause the one or more physical processors to: receive a single first user input comprising a natural language utterance; provide the natural language utterance as an input to a speech recognition engine; obtain one or more words or phrases recognized from the natural language utterance as an output of the speech recognition engine; search one or more databases of products or services based on the one or more words or phrases; select, without further user input other than the single first user input, a product or service from the database to be purchased based on the search; receive a second user input indicating confirmation by a user to complete a purchase transaction of the selected product or service; and complete, without further user input after the receipt of the second user input, a purchase transaction of the selected product or service."   Amazon denies the remaining allegations of paragraph 60 of the complaint.

61.     Amazon admits that the 385 patent lists VB Assets, LLC, as the assignee.  Amazon lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 61 of the complaint, and on that basis, denies them.

62.     Amazon lacks knowledge or information sufficient to admit or deny the allegations of paragraph 62 of the complaint, and on that basis, denies them.

63.     Amazon lacks knowledge or information sufficient to admit or deny the allegations of paragraph 63 of the complaint, and on that basis, denies them.

64.     To the extent any of VB Assets' allegations rely on claim terms or phrases that the Court has not yet construed, Amazon can neither admit nor deny such allegations in the absence

of guidance from the Court regarding the proper construction for these terms, and on that basis denies the allegations.  Amazon denies the remaining allegations of paragraph 64 of the complaint.

65.    To the extent any of VB Assets' allegations rely on claim terms or phrases that the Court has not yet construed, Amazon can neither admit nor deny such allegations in the absence of guidance from the Court regarding the proper construction for these terms, and on that basis denies the allegations.  Amazon denies the remaining allegations of paragraph 65 of the complaint.

66.    Amazon denies the allegations of paragraph 66 of the complaint.

67.    To the extent any of VB Assets' allegations rely on claim terms or phrases that the Court has not yet construed, Amazon can neither admit nor deny such allegations in the absence of guidance from the Court regarding proper construction for these terms, and on that basis denies the allegations.  Amazon denies the remaining allegations of paragraph 67 of the complaint.

68.    Amazon denies the allegations of paragraph 68 of the complaint.

69.    Amazon admits that during prosecution of the 385 patent, the examiner rejected application claims as being unpatentable over U.S. Patent No. 6,859,776 by Cohen et al. and U.S. Patent Publication No. 2014/0136259 by Kinsey et al.  Amazon admits that the examiner eventually allowed the claims of the 385 patent.  Amazon denies the remaining allegations of paragraph 69 of the complaint.

70.    Amazon lacks knowledge or information sufficient to admit or deny the allegations of paragraph 70 of the complaint, and on that basis, denies them.

71.    Amazon admits that independent claim 1 of the 385 patent recites the step of "completing, by the computer system, without further user input after the receipt of the second user input, a purchase transaction of the selected product or service."  Amazon admits that dependent claim 4 of the 385 patent recites the step of "obtaining, by the computer system,

shipping information with which to deliver the selected product or service, wherein the shipping information specifies a name or address of a recipient to which the selected product or service is to be delivered after the selected product or service is purchased, and wherein the purchase transaction is completed based on the shipping information without receiving confirmation of the shipping information by the user." Amazon lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 71 of the complaint, and on that basis, denies them.

72.    Amazon admits that dependent claim 10 of the 385 patent recites the step of "obtaining, by the computer system, a predetermined set of sellers specified by an administrator of the system that is different than the user." Amazon lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 72 of the complaint, and on that basis, denies them.

73.    Amazon denies the allegations of paragraph 73 of the complaint, and specifically denies that the 385 patent is directed to patent-eligible subject-matter under § 101.

**THE 758 PATENT**

74.    Amazon admits that U.S. Patent No. 11,080,758 ("the 758 patent") lists "System and Method for Delivering Targeted Advertisements and/or Providing Natural Language Processing Based on Advertisements" as the title, August 3, 2021 as the issue date, and Tom Freeman and Mike Kennewick as the inventors on the face of the patent. Amazon lacks knowledge or information sufficient to admit or deny that Exhibit D is a true and correct copy of the 758 patent, and on that basis denies it, but admits that Exhibit D purports to be a true and correct copy of the 758 patent. Amazon denies the remaining allegations of paragraph 74 of the complaint.

75.    Amazon admits that independent claim 23 of the 758 patent recites: "[a] system for processing natural language utterances that include requests and selecting and presenting purchase opportunities based thereon, the system comprising: one or more physical processors programmed

with computer program instructions, which when executed cause the one or more physical processors to: provide a natural language utterance as an input to a speech recognition engine; receive words or phrases, recognized from the natural language utterance, as an output of the speech recognition engine; determine a context for the natural language utterance based on the recognized words or phrases; select a purchase opportunity based on the determined context; deliver the selected purchase opportunity via an electronic device in communication with the one or more processors; track an interaction pattern associated with the purchase opportunity delivered to the electronic device, wherein the tracked interaction pattern associated with the purchase opportunity includes information associated with a subsequent request in which the electronic device interacts with the purchase opportunity, wherein the subsequent request in which the electronic device interacts with the purchase opportunity includes the electronic device completing a transaction related to the purchase opportunity; build or update a user-specific profile based on the tracked interaction pattern; and interpret a subsequent natural language utterance using the user-specific profile to select a subsequent purchase opportunity based on the subsequent natural language utterance." Amazon denies the remaining allegations of paragraph 75 of the complaint.

76.     Amazon admits that the 758 patent lists VB Assets, LLC, as the assignee. Amazon lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 76 of the complaint, and on that basis, denies them.

77.     Amazon lacks knowledge or information sufficient to admit or deny the allegations of paragraph 77 of the complaint, and on that basis, denies them.

78.     Amazon lacks knowledge or information sufficient to admit or deny the allegations of paragraph 78 of the complaint, and on that basis, denies them.

79.     Amazon lacks knowledge or information sufficient to admit or deny the allegations

of paragraph 79 of the complaint, and on that basis, denies them.

80.     To the extent any of VB Assets' allegations rely on claim terms or phrases that the Court has not yet construed, Amazon can neither admit nor deny such allegations in the absence of guidance from the Court regarding the proper construction for these terms, and on that basis denies the allegations.  Amazon denies the remaining allegations of paragraph 80 of the complaint.

81.     To the extent any of VB Assets' allegations rely on claim terms or phrases that the Court has not yet construed, Amazon can neither admit nor deny such allegations in the absence of guidance from the Court regarding the proper construction for these terms, and on that basis denies the allegations.  Amazon denies the remaining allegations of paragraph 81 of the complaint.

82.     To the extent any of VB Assets' allegations rely on claim terms or phrases that the Court has not yet construed, Amazon can neither admit nor deny such allegations in the absence of guidance from the Court regarding the proper construction for these terms, and on that basis denies the allegations.  Amazon denies the remaining allegations of paragraph 82 of the complaint.

83.     Amazon admits that during prosecution of the 758 patent, the examiner rejected application claims as being unpatentable over U.S. Patent Publication No. 2003/0061039 by Levin. Amazon admits that VB Assets purports to provide an excerpted screenshots of statements made by the inventors' patent counsel during prosecution of the 758 patent.  Amazon denies the remaining allegations of paragraph 83 of the complaint.

84.     Amazon admits that the examiner eventually allowed the claims of the 758 patent. Amazon admits that independent claim 1 of the 758 patent recites the step of: "selecting, by the one or more processors, a purchase opportunity based on the determined context."  To the extent any of VB Assets' allegations rely on claim terms or phrases that the Court has not yet construed, Amazon can neither admit nor deny such allegations in the absence of guidance from the Court

regarding proper construction for these terms, and on that basis denies the allegations. Amazon denies the remaining allegations of paragraph 84 of the complaint.

85.    Amazon admits that independent claim 1 of the 758 patent recites the step of: "selecting, by the one or more processors, a purchase opportunity based on the determined context." Amazon lacks knowledge or information sufficient to admit or deny the allegations of paragraph 85 of the complaint, and on that basis, denies them.

86.    Amazon denies the allegations of paragraph 86 of the complaint, and specifically denies that the 758 patent is directed to patent-eligible subject-matter under § 101.

### THE 025 PATENT

87.    Amazon admits that U.S. Patent No. 9,502,025 ("the 025 patent") lists "System and Method for Providing Natural Language Content Dedication Service" as the title, November 22, 2016 as the issue date, and Mike Kennewick and Lynn Elise Armstrong the inventors on the face of the patent. Amazon lacks knowledge or information sufficient to admit or deny that Exhibit E is a true and correct copy of the 025 patent, and on that basis denies it, but admits that Exhibit E purports to be a true and correct copy of the 025 patent. Amazon denies the remaining allegations of paragraph 87 of the complaint.

88.    Amazon admits that independent claim 1 of the 025 patent recites: "[a] system for providing a natural language content dedication service, comprising: one or more processors; and one or more non-transitory computer readable mediums storing executable instructions that when executed by the one or more processors cause the one or more processors to: receive a first utterance that includes a natural language utterance; determine, based on processing of the first utterance by a speech recognition engine, one or more words or phrases of the first utterance; provide the one or more words or phrases as an input to a conversational language processor; interpret the first utterance, at the conversational language processor, based on the one or more

words or phrases; identify, based on the interpretation of the first utterance, content to dedicate to a recipient; initiate, based on the identified content, a dedication to the recipient; receive a second utterance to be associated with the dedication; determine, based on a processing of the second utterance by the speech recognition engine, one or more words or phrases of the second utterance; provide the one or more words or phrases of the second utterance as textual annotations within metadata of the content; and send information to enable the recipient to access the content and the second utterance." Amazon denies the remaining allegations of paragraph 88 of the complaint.

89.    Amazon lacks knowledge or information sufficient to admit or deny the allegations of paragraph 89 of the complaint, and on that basis, denies them.

90.    Amazon lacks knowledge or information sufficient to admit or deny the allegations of paragraph 90 of the complaint, and on that basis, denies them.

91.    Amazon lacks knowledge or information sufficient to admit or deny the allegations of paragraph 91 of the complaint, and on that basis, denies them.

92.    To the extent any of VB Assets' allegations rely on claim terms or phrases that the Court has not yet construed, Amazon can neither admit nor deny such allegations in the absence of guidance from the Court regarding the proper construction for these terms, and on that basis denies the allegations. Amazon denies the remaining allegations of paragraph 92 of the complaint.

93.    To the extent any of VB Assets' allegations rely on claim terms or phrases that the Court has not yet construed, Amazon can neither admit nor deny such allegations in the absence of guidance from the Court regarding the proper construction for these terms, and on that basis denies the allegations. Amazon denies the remaining allegations of paragraph 93 of the complaint.

94.    Amazon admits that during prosecution of the 025 patent, the examiner rejected application claims as being unpatentable over U.S. Patent Publication No. 2004/0044516 by

Kennewick et al. and U.S. Patent Publication No. 2002/0032752 by Gold et al. Amazon admits that the examiner eventually allowed the claims of the 025 patent. Amazon admits that VB Assets purports to provide an excerpted screenshot of statements made by the examiner during prosecution of the 025 patent. Amazon denies the remaining allegations of paragraph 94 of the complaint.

95.     Amazon denies the allegations of paragraph 95 of the complaint, and specifically denies that the 025 patent is directed to patent-eligible subject-matter under § 101.

## COUNT ONE: 249 PATENT ALLEGATIONS

96.     Amazon incorporates by reference and restates its responses to each and every allegation set forth in the foregoing paragraphs of the complaint.

97.     Amazon denies the allegations of paragraph 97 of the complaint. Amazon denies the allegations set forth in Exhibit F to the complaint.

98.     Amazon denies the allegations of paragraph 98 of the complaint.

99.     Amazon denies the allegations of paragraph 99 of the complaint.

100.    Amazon denies the allegations of paragraph 100 of the complaint.

101.    Amazon denies the allegations of paragraph 101 of the complaint.

102.    Amazon denies the allegations of paragraph 102 of the complaint.

103.    Amazon denies the allegations of paragraph 103 of the complaint.

## COUNT TWO: 699 PATENT ALLEGATIONS

104.    Amazon incorporates by reference and restates its responses to each and every allegation set forth in the foregoing paragraphs of the complaint.

105.    Amazon denies the allegations of paragraph 105 of the complaint. Amazon denies the allegations set forth in Exhibit G to the complaint.

106.    Amazon denies the allegations of paragraph 106 of the complaint.

107.    Amazon denies the allegations of paragraph 107 of the complaint.

108.    Amazon denies the allegations of paragraph 108 of the complaint.

109.    Amazon denies the allegations of paragraph 109 of the complaint.

110.    Amazon denies the allegations of paragraph 110 of the complaint.

111.    Amazon denies the allegations of paragraph 111 of the complaint.

## COUNT THREE: 385 PATENT ALLEGATIONS

112.    Amazon incorporates by reference and restates its responses to each and every allegation set forth in the foregoing paragraphs of the complaint.

113.    Amazon denies the allegations of paragraph 113 of the complaint.  Amazon denies the allegations set forth in Exhibit H to the complaint.

114.    Amazon denies the allegations of paragraph 114 of the complaint.

115.    Amazon denies the allegations of paragraph 115 of the complaint.

116.    Amazon denies the allegations of paragraph 116 of the complaint.

117.    Amazon denies the allegations of paragraph 117 of the complaint.

118.    Amazon denies the allegations of paragraph 118 of the complaint.

119.    Amazon denies the allegations of paragraph 119 of the complaint.

## COUNT FOUR: 758 PATENT ALLEGATIONS

120.    Amazon incorporates by reference and restates its responses to each and every allegation set forth in the foregoing paragraphs of the complaint.

121.    Amazon denies the allegations of paragraph 121 of the complaint.  Amazon denies the allegations set forth in Exhibit I to the complaint.

122.    Amazon denies the allegations of paragraph 122 of the complaint.

123.    Amazon denies the allegations of paragraph 123 of the complaint.

124.    Amazon denies the allegations of paragraph 124 of the complaint.

125.    Amazon denies the allegations of paragraph 125 of the complaint.

126.    Amazon denies the allegations of paragraph 126 of the complaint.

127.    Amazon denies the allegations of paragraph 127 of the complaint.

## COUNT FIVE: 025 PATENT ALLEGATIONS

128.    Amazon incorporates by reference and restates its responses to each and every allegation set forth in the foregoing paragraphs of the complaint.

129.    Amazon denies the allegations of paragraph 129 of the complaint.  Amazon denies the allegations set forth in Exhibit J to the complaint.

130.    Amazon denies the allegations of paragraph 130 of the complaint.

131.    Amazon denies the allegations of paragraph 131 of the complaint.

132.    Amazon denies the allegations of paragraph 132 of the complaint.

133.    Amazon denies the allegations of paragraph 133 of the complaint.

134.    Amazon denies the allegations of paragraph 134 of the complaint.

135.    Amazon denies the allegations of paragraph 135 of the complaint.

## PRAYER FOR RELIEF

Amazon denies that VoiceBox or VB Assets is entitled to any of the relief requested in the complaint or any relief whatsoever.  Amazon denies all allegations in the complaint that have not been specifically admitted in paragraphs 1-135 above.

## JURY DEMAND

VB Assets' demand for jury trial does not require a response.

## ADDITIONAL DEFENSES

Amazon asserts the following additional defenses to the complaint.  In doing so, Amazon does not assume any burden of proof on any issue that is VB Assets' burden as a matter of law.

Amazon also reserves the right to amend or supplement these defenses as additional facts become known.

## FIRST DEFENSE:  FAILURE TO STATE A CLAIM

The complaint fails to allege facts sufficient to state a cause of action upon which relief may be granted.

## SECOND DEFENSE:  NON-INFRINGEMENT (249 PATENT)

Amazon has not infringed, and currently does not infringe, any valid claim of the 249 patent and is not liable for any infringement.

## THIRD DEFENSE:  INVALIDITY (249 PATENT)

The asserted claims of the 249 patent are each invalid for failure to comply with one or more of the conditions and requirements of the patent laws, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

## FOURTH DEFENSE:  NON-INFRINGEMENT (699 PATENT)

Amazon has not infringed, and currently does not infringe, any valid claim of the 699 patent and is not liable for any infringement.

## FIFTH DEFENSE:  INVALIDITY (699 PATENT)

The asserted claims of the 699 patent are each invalid for failure to comply with one or more of the conditions and requirements of the patent laws, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

### SIXTH DEFENSE:  NON-INFRINGEMENT (385 PATENT)

Amazon has not infringed, and currently does not infringe, any valid claim of the 385 patent and is not liable for any infringement.

### SEVENTH DEFENSE:  INVALIDITY (385 PATENT)

The asserted claims of the 385 patent are each invalid for failure to comply with one or more of the conditions and requirements of the patent laws, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

### EIGHTH DEFENSE:  NON-INFRINGEMENT (758 PATENT)

Amazon has not infringed, and currently does not infringe, any valid claim of the 758 patent and is not liable for any infringement.

### NINTH DEFENSE:  INVALIDITY (758 PATENT)

The asserted claims of the 758 patent are each invalid for failure to comply with one or more of the conditions and requirements of the patent laws, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

### TENTH DEFENSE:  NON-INFRINGEMENT (025 PATENT)

Amazon has not infringed, and currently does not infringe, any valid claim of the 025 patent and is not liable for any infringement.

### ELEVENTH DEFENSE:  INVALIDITY (025 PATENT)

The asserted claims of the 025 patent are each invalid for failure to comply with one or more of the conditions and requirements of the patent laws, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

## TWELFTH DEFENSE:  GOOD FAITH

Amazon has engaged in all relevant activities in good faith, thereby precluding VB Assets, even if it prevails, from recovering its reasonable attorneys' fees or costs under 35 U.S.C. § 285.

## THIRTEENTH DEFENSE:  ESTOPPEL

The relief sought by VB Assets is barred, in whole or in part, under the doctrine of prosecution history estoppel due to amendments and/or statements made during prosecution of the patents-in-suit.

## FOURTEENTH DEFENSE:  DEDICATION TO THE PUBLIC

The relief sought by VB Assets is barred, in whole or in part, because VoiceBox or VB Assets dedicated to the public all methods, systems, and products disclosed in the Patents-in-Suit but not literally claimed therein.

## FIFTEENTH DEFENSE:  UNAVAILABILITY OF INJUNCTIVE RELIEF

VB Assets is not entitled to injunctive relief, as a matter of law, and cannot satisfy the requirements applicable to its request for injunctive relief in any form.

## SIXTEENTH DEFENSE:  LIMITATION ON DAMAGES AND COSTS

VB Assets' claim for damages is barred, in whole or in part, by 35 U.S.C. §§ 286 or 287. To the extent any claim of the patents-in-suit is invalid, VB Assets is barred from recovering costs by 35 U.S.C. § 288.

## RESERVATION OF ADDITIONAL DEFENSES

Amazon reserves the right to assert additional defenses in the event that discovery or other analysis indicates that additional defenses are appropriate.

## REQUEST FOR RELIEF

WHEREFORE, Amazon respectfully requests the following relief:

a.  The entry of judgment in favor of Amazon, and against VB Assets, denying VB Assets all relief requested in its complaint and dismissing its complaint with prejudice;

b.  The entry of judgment in favor of Amazon, and against VB Assets, that Amazon has not and does not infringe and is not liable for any infringement of any valid and enforceable claim of the 249 patent;

c.  The entry of judgment in favor of Amazon, and against VB Assets, that Amazon has not and does not infringe and is not liable for any infringement of any valid and enforceable claim of the 699 patent;

d.  The entry of judgment in favor of Amazon, and against VB Assets, that Amazon has not and does not infringe and is not liable for any infringement of any valid and enforceable claim of the 385 patent;

e.  The entry of judgment in favor of Amazon, and against VB Assets, that Amazon has not and does not infringe and is not liable for any infringement of any valid and enforceable claim of the 758 patent;

f.  The entry of judgment in favor of Amazon, and against VB Assets, that Amazon has not and does not infringe and is not liable for any infringement of any valid and enforceable claim of the 025 patent;

g.  The entry of judgment in favor of Amazon, and against VB Assets, that one or more claims of the 249 patent are invalid;

h.  The entry of judgment in favor of Amazon, and against VB Assets, that one or more claims of the 699 patent are invalid;

i.  The entry of judgment in favor of Amazon, and against VB Assets, that one or more claims of the 385 patent are invalid;

j.  The entry of judgment in favor of Amazon, and against VB Assets, that one or more claims of the 758 patent are invalid;

k.  The entry of judgment in favor of Amazon, and against VB Assets, that one or more claims of the 025 patent are invalid;

l.  The entry of judgment that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding Amazon its reasonable attorneys' fees;

m.  An award of costs to Amazon; and

n.  Such other relief as the Court shall deem just and proper.

## DEMAND FOR JURY TRIAL

Amazon hereby respectfully requests a trial by jury on all issues so triable, including but not limited to VB Assets' claims and Amazon's defenses thereto.

ASHBY & GEDDES

*Of counsel:*

|  |  |
|---|---|
| | */s/ Steven J. Balick* |

J. David Hadden CSB No. 176148
dhadden@fenwick.com
Saina S. Shamilov, CSB No. 215636
sshamilov@fenwick.com
Ravi R. Ranganath, CSB No. 272981
rranganath@fenwick.com
Vigen Salmastlian, CSB No. 276846
vsalmastlian@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA  94041
(650) 988-8500

Dated: October 21, 2024

Steven J. Balick (#2114)
sbalick@ashbygeddes.com
Andrew C. Mayo (#5207)
amayo@ashbygeddes.com
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888

*Counsel for Defendant*
*Amazon.com Services LLC*