**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| VB ASSETS, LLC, | |
| Plaintiff, | |
| v. | C.A. No. 24-839-MN |
| AMAZON.COM SERVICES, LLC, | |
| Defendant. | |

## STIPULATED PROTECTIVE ORDER

Plaintiff VB Assets, LLC and Defendant Amazon.com Services LLC (collectively, "the parties") anticipate the need to disclose certain confidential information during the course of this litigation. As a result, the parties desire limiting disclosure and preventing use of such information for any purposes other than the prosecution and defense of this action. In addition, the parties contemplate that non-parties may produce confidential information. Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the parties, by and through their respective undersigned counsel, hereby stipulate and agree to the request for, and entry of, the following Stipulated Protective Order (hereinafter, "Order").

1. **DEFINITIONS**

    1.1    <u>Affiliate</u>: The term "Affiliate" shall mean an entity that is directly or indirectly a parent of, subsidiary of, or commonly owned by, a party.

    1.2    <u>Confidential Information</u>: The term "Confidential Information" shall mean any Discovery Material designated by a Producing Party as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" that the Producing Party claims in good faith constitutes, contains, reveals, or reflects: (i) non-public technical, marketing, financial, sales, research and development information; (ii) commercially

sensitive competitive information, including, without limitation, information obtained from a nonparty pursuant to a current Nondisclosure Agreement ("NDA"); (iii) information or data relating to future products not yet commercially released and/or strategic plans; (iv) commercial agreements, settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the Producing Party; or (v) sensitive personal information that is protected under federal, state, or foreign data protection laws or regulations, or other privacy obligations.

      1.3   <u>Discovery Material</u>: The term "Discovery Material" shall mean any Document (as defined below), material, item, testimony, or thing filed with or presented to the Court or produced, served, or generated during this action, including, for example, exhibits, answers to interrogatories, responses to requests for admissions, responses to requests for production, subpoenas, declarations, affidavits, and deposition testimony or transcripts, and all copies, extracts, summaries, compilations, designations, and portions thereof.

      1.4   <u>Document</u>: The term "Document" shall mean every means of recording any form of communication or representation upon any tangible thing, including letters, numbers, words, pictures, sounds, or symbols, or combinations thereof, whether recorded by handwriting, printing, photostatic or photographic means, magnetic impulse, tape, computer disk, CD-ROM or any other form of electronically stored information, and all other tangible things which come within the meaning of "writing" contained in Rule 1001 of the Federal Rules of Evidence, or within the meaning of "document" or "tangible thing" contained in Rule 34 of the Federal Rules of Civil Procedure.

1.5     <u>Producing Party</u>: The term "Producing Party" shall mean any party to this action or any third party, including their respective counsel, retained experts, directors, officers, employees, or agents, who produce any Discovery Material.

1.6     <u>Protected Information</u>: The term "Protected Information" refers collectively to materials designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

1.7     <u>Receiving Party</u>: The term "Receiving Party" shall mean any party to this action, including its counsel, retained experts, directors, officers, employees, or agents, who receives any Discovery Material in this action.

1.8     <u>Scope</u>: The scope of this Order shall be understood to encompass not only Protected Information which is expressly designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE," but also any information derived therefrom, including all copies, excerpts, and summaries thereof, whether partial or complete, as well as testimony and oral conversations which reveal all or part of that information.

1.9     <u>Source Code</u>: A Producing Party may designate as "HIGHLY CONFIDENTIAL – SOURCE CODE" Discovery Material representing or constituting human-readable programming language text that defines or otherwise describes the algorithms or structure of software, firmware, or hardware designs or descriptions (hereinafter referred to as "Source Code"). Source Code includes source code files, which are text files containing source code. Source Code files include, but are not limited to, object code, microcode, register transfer language, firmware, and hardware description language, as well as any and all programmer notes, annotations, and other comments of any type related thereto and accompanying the code. For avoidance of doubt, Source Code includes, but is not limited to, source files, configuration files, ".include files," "make" files, link

files, intermediate output files, executable files, header files, resource files, library files, module definition files, map files, object files, linker files, browse info files, debug files, and files containing source code written in C, C++, Java, assembler, VHDL, Verilog, SQL, digital signal processor (DSP) programming languages, and any other human-readable text files used in the generation and/or building of software directly executed on a microprocessor, microcontroller, or DSP. Non-human-readable files, including but not limited to binary executable files, object code files, microcode, register transfer language, compilers and linkers, if produced, shall be afforded the same protection as the source code defined in this section. Materials representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means, shall also be afforded the same protection as the source code defined in this section. Documents describing how source code operates will not be stamped as HIGHLY CONFIDENTIAL – SOURCE CODE solely for the purpose of limiting access under section 2.4. To the extent documents (for example, PowerPoints or Word documents) contain lines of source code, the Producing Party may elect to redact the lines of Source Code in the document—labeled "Redacted Source Code"—and will otherwise produce the document in the normal course of discovery. In the event the Producing Party elects to redact Source Code from documents, the non-redacted versions of those documents will be placed on the Source Code Computer for review by the Receiving Party.

## 2.    INFORMATION SUBJECT TO THIS ORDER

2.1    <u>Documents and other things containing Confidential Information will be treated as follows:</u>

2.1.1    Any Confidential Information obtained by any party from any person pursuant to discovery in this litigation may be used only for purposes of this litigation.

2.1.2    Any document or tangible thing containing or including any Confidential Information may be designated as such by the Producing Party by marking it "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.1.3    All Confidential Information not reduced to documentary, tangible or physical form, or which cannot be conveniently designated as set forth in Section 2.1.2, shall be designated by the Producing Party by informing the Receiving Party of the designation in writing.

2.1.4    Any document (or physical object) made available for inspection by counsel for the Receiving Party prior to producing copies of selected items shall initially be considered, as a whole, to constitute Confidential Information (unless otherwise designated at the time of inspection) and shall be subject to this Order.  Thereafter, the Producing Party shall have a reasonable time to review and designate the appropriate documents as Confidential Information (or otherwise as appropriate) prior to furnishing copies to the Receiving Party.

2.2    <u>The following information is not Confidential Information:</u>

2.2.1    Any information that is or, after its disclosure to a Receiving Party, becomes part of the public domain as a result of publication not involving a violation of this Order or other obligation to maintain the confidentiality of such information;

2.2.2    Any information that the Receiving Party can show was already publicly known prior to the disclosure; and,

2.2.3    Any information that the Receiving Party can show by written records was received by it from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party.

2.3    Discovery Material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" and information contained therein shall be available only to:

2.3.1    Subject to Section 4, *infra*, outside litigation counsel of record for this action and supporting personnel employed in the law firm(s) of outside litigation counsel of record, such as attorneys, paralegals, legal translators, legal secretaries, and legal clerks.

2.3.2    Subject to Section 4, *infra*, experts and their necessary support personnel, subject to the provisions of Section 3 herein, and who have signed the form attached hereto as Attachment A; the term "expert" shall mean independent outside expert witnesses or consultants (i.e., not employees of a party) retained for this action with whom counsel may deem it necessary to consult.

2.3.3    The Court, its personnel, jurors, and stenographic reporters (under seal or with other suitable precautions determined by the Court); and,

2.3.4    Independent litigation support services reasonably necessary to assist counsel with the litigation of this action, including legal translators retained to translate in connection with this action; independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action; graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this action; independent litigation and eDiscovery support personnel retained in connection with this action; and jury or trial consulting services.

2.4    <u>Source Code</u>

2.4.1    **Treatment of Source Code.**  To the extent that any party wishes to obtain access to Protected Information designated as "HIGHLY CONFIDENTIAL – SOURCE CODE," the following procedures shall apply:

2.4.2    The Producing Party shall make Protected Information designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" available for inspection on a stand-alone, non-networked personal computer running a reasonably current version of the Microsoft Windows operating systems ("Source Code Computer").  The Source Code Computer shall have disk encryption and be password protected.  The Source Code Computer shall be locked down so that peripheral devices cannot be connected to the Source Code Computer by the Receiving Party.  The Source Code Computer will be configured by the Producing Party to run software utilities which will allow counsel and experts to view, search, or analyze the Source Code; provided that such utilities are reasonable, reasonably available to the Producing Party, and non-destructive to the source code.  Neither party shall install tools capable of compiling or executing source code on the Source Code Computer.  The Receiving Party may request that other mutually agreeable commercially available software tools for viewing and searching Source Code be installed on the Source Code Computer, provided that such other software tools are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent with all of the protections herein.  The Receiving Party must provide the Producing Party with the licensed software tools at least three (3) business days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer.  Such tools can be provided by any reasonable method including a link, an installation file, a drive, CD or DVD.

2.4.3    The Producing Party shall make the Source Code available electronically and in text searchable form in a secure room at a U.S. office of its outside counsel for the Producing Party or a mutually agreed alternative location.

2.4.4    The Source Code Computer shall be made available to a Receiving Party for the inspection of Source Code from 9:00 am to 5:30 pm (in the time zone where the Source Code Computer is made available), Monday through Friday (excluding holidays), and any other mutually agreed upon days and/or times, upon reasonable request until the close of fact and expert discovery in this action.

2.4.5    For the first day that counsel for the Receiving Party requests a review of the Source Code Computer, it must give at least five (5) business days' notice to counsel for the Producing Party that it will be sending individual(s) authorized to review the Source Code made available on the Source Code Computer.  The Receiving Party shall provide three (3) days' notice prior to any additional inspections.  Each notice shall include the name and title for every individual who will attend the review.  Access shall be limited to outside counsel and up to three (3) independent consultants or experts (i.e., not existing employees or affiliates of a Party or an affiliate of a Party or competitor identified by the Producing Party with reasonable specificity) retained for the purpose of this litigation and approved to access such Protected Information pursuant to section 2.3 above, subject to the restricts set forth in section 4.  Mock jurors shall not have access to Source Code Material.  In addition, access to the Source Code Computer shall be limited to outside counsel and up to the same three (3) outside consultants or experts.  To the extent that an outside consultant or expert has accessed the Source Code Computer, but subsequently withdraws from the case or otherwise becomes unable to continue work on the matter, the

Receiving Party may designate a replacement outside consultant or expert, who shall be subject to the same restrictions set forth in this protective order.

2.4.6    Proper identification of all authorized persons shall be provided prior to any access to the secure facility or the Source Code Computer.  Proper identification is hereby defined as a photo identification card sanctioned by the government of a U.S. state or by the United States federal government.  Access to the secure facility or the Source Code Computer may be denied, at the discretion of the Producing Party, to any individual who fails to provide proper identification. The Producing Party shall maintain a Source Code access log identifying, for each and every time any Source Code is viewed, accessed, or analyzed: (1) the name of each person who accessed the Source Code; (2) the date and time of access; (3) the length of time of access: and (4) whether any hard copies of any portion of Source Code were printed.

2.4.7    Use or possession of any outside electronic input/output device (e.g., USB memory stick, mobile phone, tablet, personal digital assistants, voice recorders, camera or any camera enabled device, optical disk (e.g., CD), portable hard drive, laptop, or any device that can access the Internet or any other network or external system) is prohibited while accessing the Source Code Computer—except that the Receiving Party's counsel and experts may bring one non-networked laptop or tablet computer (with any internet, network, and camera capabilities disabled), into the secure room with the Source Code Computer for purposes of taking notes only. Receiving Party counsel will make such laptop or tablet available for inspection (to confirm that the camera has been covered and/or disabled) prior to and during any source code review. Additionally, all persons entering the secure facility must agree to submit to reasonable security measures to ensure they are not carrying any prohibited items before they will be given access to the Source Code Computer.  The Producing Party may periodically "check in" on the activities of

the Receiving Party during any Source Code review and may visually monitor the activities of the Receiving Party from outside the room in which the Source Code Computer is located, but only to ensure that (1) no unauthorized electronic records of the Source Code and no information concerning the Source Code are being created or transmitted in any way and/or (2) no electronic device has access to a camera during the Source Code review. The Producing Party must remain at such a distance as to avoid viewing notes or other work product generated by the Receiving Party and at such a distance to allow the Receiving Party to carry on quiet conversation without being overheard by the Producing Party. This distance requirement does not prevent or prohibit the Producing Party from checking and/or confirming that no electronic device has access to a camera during the Source Code review.

   2.4.8 Following review of the Source Code Computer, the Receiving Party may request that the Producing Party print and produce paper copies of limited portions of the Source Code if it is reasonably necessary for the preparation of contentions, court filings, expert reports, deposition, or trial. The Receiving Party may request printing of 1200 pages total, with no more than 40 contiguous pages. If the Receiving Party reasonably believes it is necessary to print more, the parties shall meet and confer in good faith to resolve the issue. To ensure the proper pages requested are printed, the Producing Party will provide the ability for the Receiving Party to save files for printing as PDFs to a folder on the Source Code Computer and the Receiving Party will identify source code files for printing by saving the files in the folder on the Source Code Computer for printing. Within seven (7) days of a request, the Producing Party shall either (i) produce the requested printouts to the Receiving Party; or (ii) inform the Requesting Party that it objects to the request as excessive or not submitted for a permitted purpose. If the Producing Party objects, the parties shall meet and confer to attempt to resolve the objection within seven (7) days of the

objection.  If after meeting and conferring the Producing Party and the Receiving Party cannot resolve the objection (where such meet-and-confer need not take place in person), the Producing Party shall contact the Court's Case Manager to schedule a conference or hearing to seek relief by way of a protective order from the Court.  Contested copies of Source Code (PDF files or hardcopy printouts) do not need to be produced to the Receiving Party until the matter is resolved by the Court.  The parties agree to cooperate in good faith to shorten the time frames set forth in this paragraph if necessary to abide by any discovery or briefing schedules.  For the avoidance of doubt, printing of Source Code shall not be used as a substitute for review of the Source Code in the first instance on the Source Code Computer.

       2.4.9    The Producing Party will affix the proper Bates labeling and confidentiality designation to any printed copies to be produced to the Receiving Party and mark such printed copies file names and line numbers that correspond to the file names and line numbers visible during inspection of the Source Code Computer.  Printouts of Source Code may only be made by the Producing Party.  Before the first set of printed copies are made, the parties will negotiate in good faith a reasonable number of copies and the format of copies.

       2.4.10 The Receiving Party's outside counsel of record, experts or consultants must maintain and store any paper copies of the Source Code or any notes, analyses, or descriptions of Source Code ("Source Code Material") under their direct control in a secured locked area at their offices in a manner that prevents unauthorized access to the Source Code Material.  The Receiving Party may also temporarily keep Source Code Material at (i) the Court during proceedings related to the Source Code, (ii) the sites where any depositions relating to the Source Code are taken, on the dates of the depositions, and (iii) if in a secured locked container, any secure intermediate location reasonably necessary to transport the printouts (e.g., a hotel prior to a Court

proceeding or deposition).  The Source Code Material may only be delivered by the Receiving Party at the direction of a person authorized under section 2.3 above to another person authorized under section 2.3, on paper via hand carry.  If reasonably necessary, the Receiving Party may choose to transmit electronic copies of the Source Code Material to another person authorized under section 2.3 if the electronic copies are encrypted, and will notify the Producing Party of such transmission.  Source Code Material may not otherwise be transported or transmitted over a network of any kind, including a LAN, intranet, or the Internet.  Source Code Material may only be transported for the purposes outlined in this section and subject to the restrictions set forth herein.

2.4.11  Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.  Source Code printouts that are marked as deposition exhibits shall not be attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

2.4.12  The Receiving Party's outside counsel of record, experts or consultants must not copy, photograph, e-mail, transmit, upload, download, print, or otherwise duplicate or reproduce any portion of Source Code while inspecting the Source Code on the Source Code Computer.  Nothing in this section prevents the Receiving Party's outside counsel of record, experts or consultants from taking notes but they may not copy any portion of the Source Code into the notes.  Additionally, as set forth above in Section 2.4.8, the Receiving Party's outside counsel of record, experts or consultants may request printouts of portions of the Source Code.

2.4.13  The Receiving Party shall maintain a log with respect to all copies of Source Code in its possession or in the possession of its retained experts or consultants, including the

names of the recipients of any copies and the locations where the copies are stored. A copy of the log must be made available for inspection by the Producing Party at the Producing Party's request. To the extent the Producing Party has a good-faith concern about the security of Source Code, the Receiving Party, upon request, shall provide reasonable descriptions of the security measures employed by the Receiving Party and identity of any person that receives a copy of any portion of the source code.

2.4.14 Within thirty (30) days after the issuance of a final, non-appealable decision resolving all issues in the case, the Receiving Party must serve upon the Producing Party the log and serve upon the Producing Party a written confirmation that all paper copies of the Producing Party's Source Code as well as documents, pleadings, reports, and notes reflecting or referring to such Source Code have been destroyed.

2.4.15 Access to and review of the Source Code shall be strictly for the purpose of investigating the claims and defenses at issue in the above-captioned case. No person shall review or analyze any Source Code for purposes unrelated to this case, nor may any person use any knowledge gained as a result of reviewing Source Code in this case for any other purpose, including in any other pending or future dispute, proceeding, or litigation.

2.4.16 To the extent portions of "HIGHLY CONFIDENTIAL – SOURCE CODE" are quoted in an electronic copy or image of a document which, pursuant to the Court's rules, procedures, or orders, must be filed or served electronically ("Source Code Filing"), either (1) the entire Source Code Filing will be stamped and treated as "HIGHLY CONFIDENTIAL – SOURCE CODE" or (2) those pages containing quoted Source Code Material will be separately stamped and treated as "HIGHLY CONFIDENTIAL – SOURCE CODE." The Receiving Party may create an electronic copy or image of limited excerpts of no more than 75 lines of Source Code Material,

only to the extent necessary to create Source Code Filings or any drafts of these documents. For clarity, the above restrictions on the length of excerpts of Source Code Material do not apply to exhibits to filings insofar as the exhibits, including without limitation expert reports or discovery responses, already included longer excerpts of Source Code Material, or to the extent expert reports must otherwise be filed with the Court. The Receiving Party shall only include such excerpts as are reasonably necessary for inclusion in such documents for filing with the Court. Images or copies of Source Code Material shall not be included in correspondence between the parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein. The communication and/or disclosure of electronic files containing any portion of Source Code Material shall at all times be limited to individuals who are authorized to see Source Code Material under the provisions of this Protective Order. Additionally, all electronic copies must be labeled "HIGHLY CONFIDENTIAL – SOURCE CODE" and must only be exchanged via secure, encrypted file transfer. If Source Code Exhibits are filed with the court, they must be filed under seal in accordance with the Court's rules, procedures, and orders. Electronic images should not be maintained separate and apart from the filing for which they were created.

**3.    DISCLOSURE OF EXPERT WITNESSES AND CONSULTING EXPERTS**

3.1    Subject to the provisions of this Order, information designated by the Producing Party under any category of Protected Information may be furnished and disclosed to a Receiving Party's expert (either a testifying expert or consulting expert) and their necessary support personnel pursuant to the approval process described below.

3.2    The party desiring to disclose a Producing Party's Protected Information to an expert must provide the following information to the Producing Party:

3.2.1    An executed version of Attachment A for that expert;

3.2.2    A disclosure setting forth the name, address, curriculum vitae, and current employer of that expert.

3.2.3    A disclosure of each person or entity from whom the expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services for the preceding five (5) years.

3.2.4    A disclosure of any litigation in connection with which the expert has offered expert testimony for the preceding five (5) years.

3.3    The Producing Party shall have seven (7) days after receiving the information identified in the preceding section to object in writing to the disclosure.  No Protected Information shall be disclosed to such expert(s) until after the expiration of the foregoing notice period and resolution of any objection.

3.4    A party objecting to disclosure of Protected Information to an expert shall state with particularity the ground(s) of the objection.  The objecting party's consent to the disclosure of Protected Information to an expert shall not be unreasonably withheld, and its objection must be based on that party's good faith belief that disclosure of its Protected Information to the expert will result in specific business or economic harm to that party.

3.5    If the Producing Party objects, the parties shall meet and confer to attempt to resolve the objection within seven (7) days of the objection.  If after meeting and conferring the Producing Party and the Receiving Party cannot resolve the objection (where such meet-and-confer need not take place in person), the Producing Party shall contact the Court's Case Manager to schedule a conference or hearing to seek relief by way of a protective order from the Court.  The Producing Party shall have the burden of showing to the Court "good cause" for preventing the disclosure of its Protected Information to the expert.  If the Producing Party fails to seek relief from the Court

within fourteen (14) days of the meet and confer, such failure shall operate as an approval of disclosure of Protected Information to the expert. The parties agree to cooperate in good faith to shorten the time frames set forth in this paragraph if necessary to abide by any discovery or briefing schedules.

4.     **PROHIBITED ACTIVITIES BY PERSONS WITH ACCESS TO PROTECTED INFORMATION**

Persons described in Section 2.3.1 and Section 2.3.2 who receive Protected Information shall not, during the pendency of this action or for two years after its conclusion (including any appeals), be involved in:

4.1     Patent-Prosecution-Related Work for any party or its Affiliates including:

4.1.1   the drafting, directing of drafting, or providing input into the drafting of patent claims relating to the claimed subject matter in the patents asserted in this action, any patent or application claiming priority to the patents asserted in this action, or systems, methods and apparatuses for voice user interfaces with natural language understanding; or

4.1.2   the representation of a patent applicant or patent owner before any patent office in connection with the prosecution, *ex parte* reexamination, *inter partes* review, post-grant review or reissue proceeding of a patent relating to the subject matter outlined in section 4.1.1, above, except as set forth below. For avoidance of doubt, this does not preclude representation of a party challenging a patent before a domestic or foreign agency, nor does it prohibit counsel for the Receiving Party from participating in and representing a patent applicant or patent owner (including the Receiving Party) in such proceeding provided that any involvement such counsel has with amending claims would be strictly limited to responding to any argument the Producing Party makes in the proceeding.

4.2     For the avoidance of doubt, individual outside counsel for the parties and individual support staff who have been exposed to Protected Information may not participate in the activities set forth in Section 4.1 above, but this prohibition shall not apply to individual outside counsel for the parties and individual support staff to whom neither the substance nor the content of Protected Information has been disclosed provided that counsel creates an "ethical wall" between those individuals and individuals with access to Protected Information.

## 5.     CROSS-USE

5.1     All Documents produced by the Parties in *VB Assets, LLC v. Amazon.com Services LLC*, Civil Case No. 1:19-cv-01410-MN ("*VB Assets I*") shall be deemed produced in the present action, *VB Assets, LLC v. Amazon.com Services LLC*, Civil Case No. 1:24-cv-00839-MN ("*VB Assets II*"), without the need for new Bates-numbering or reproduction of such Documents.  This cross-use provision shall not apply to other (i.e., non-documentary) Discovery Material produced, served, or otherwise generated by the Parties in *VB Assets I*.

5.2     This Order, and the production by cross-use of *VB Assets I* Documents in *VB Assets II* is not intended to, nor shall it be in any way be considered to, waive any applicable objections, including those regarding the competence, relevance, materiality, propriety, or admissibility of such Documents, or to waive any other objection that would require the exclusion of the Documents.  Similarly, the production by cross-use of Documents is not intended to, nor shall it be in any way considered to, constitute an admission that such Documents are relevant in the case in which the Documents are being deemed produced, admissible at trial, or that the contents of such Documents are true.

5.3     This Order does not apply to Documents produced by third parties in *VB Assets I*. The parties will work in good faith with the third parties that have produced Documents in *VB Assets I* to address use of those documents in *VB Assets II* on an as-requested basis.  If consent

from the relevant third-party is obtained for use of that third-party's specific Documents or other Discovery Materials (e.g., documents and deposition testimony) in *VB Assets II*, the parties agree that this Order shall apply to those materials.

5.4    This Order is limited to the use of Documents from *VB Assets I* in the *VB Assets II* action only, and is not intended to, nor shall it, affect any provisions regarding the cross-production and use of such information in any other proceeding.

5.5    Nothing in this Order shall be construed as waiving any rights to discovery in *VB Assets II*, including the right to depose witnesses that may have been already deposed in *VB Assets I*.

5.6    Nothing in this Order shall be construed as waiving the right of either party to raise specific objections regarding the cross-use of any specific materials in either action.

## 6.    CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

6.1    The parties shall use reasonable care when designating documents or information as Protected Information.  Nothing in this Order shall prevent a Receiving Party from contending that any documents or information designated as Protected Information have been improperly designated.  A Receiving Party may at any time request that the Producing Party cancel or modify the Protected Information designation with respect to any document or information contained therein.

6.2    A party shall not be obligated to challenge the propriety of a designation of any category of Protected Information at the time of production, and a failure to do so shall not preclude a subsequent challenge thereto.  Such a challenge shall be written, shall be served on counsel for the Producing Party, and shall particularly identify the documents or information that the Receiving Party contends should be differently designated.  Any such objection must set forth in detail the grounds on which it is based.

6.3     For a challenge under section 6.2, a Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) within three (3) business days of the written objection to resolve promptly and informally such disputes. If an agreement cannot be reached, the Receiving Party shall file a motion to request that the Court cancel or modify a designation.  The burden of demonstrating the confidential nature of any information shall at all times be and remain on the Producing Party.

6.4     Until a determination by the Court, the information at issue shall be treated as having been properly designated and subject to the terms of this Order.

## 7.     LIMITATIONS ON THE USE OF PROTECTED INFORMATION

7.1     All Protected Information shall be held in confidence by each person to whom it is disclosed, shall be used only for purposes of this litigation, shall not be used for any other purpose or in connection with any other legal proceeding, and shall not be disclosed to any person who is not entitled to receive such information as herein provided.  All produced Protected Information shall be securely maintained so as to preclude access by persons who are not entitled to receive such information.

7.2     Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning all Protected Information of which such person has prior knowledge subject to the restrictions and provisions herein:

7.2.1     A present director, officer, and/or employee of a Producing Party may be examined and may testify concerning all Protected Information which has been produced by that party and of which the witness has personal knowledge;

7.2.2     A former director, officer, agent and/or employee of a Producing Party may be examined and may testify concerning all Protected Information of which he or she has personal

knowledge if he or she has executed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Attachment A or if Section 7.2.3 applies; and

7.2.3    Non-parties may be examined or testify concerning any document containing Protected Information of a Producing Party which appears on its face to have been received from or communicated to the non-party as a result of any contact or relationship with the Producing Party, was attached to such a document, or is a document that the non-party testifies to having prior knowledge of.

7.2.4    Any person other than the witness, his or her attorney(s), or any person qualified to receive Protected Information under this Order shall be excluded from the portion of the examination concerning such information, unless the Producing Party consents to persons other than qualified recipients being present at the examination.  If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination, the attorney must provide a signed statement, in the form of Attachment A hereto, that he or she will comply with the terms of this Order and maintain the confidentiality of Protected Information disclosed during the course of the examination.

7.3    All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court that have been designated as Protected Information, or which contain information so designated, shall be filed under seal in a manner prescribed by the Court for such filings.

7.4    Outside attorneys of record for the parties are hereby authorized to be the persons who may retrieve confidential exhibits and/or other confidential matters filed with the Court upon termination of this litigation without further order of this Court, and are the persons to whom such confidential exhibits or other confidential matters may be returned by the Clerk of the Court, if

they are not so retrieved.  No material or copies thereof so filed shall be released except by order of the Court, to outside counsel of record, or as otherwise provided for hereunder.

7.5    Protected Information shall not be distributed, disseminated, or otherwise produced by a Receiving Party, except for transmission to qualified recipients, without the written permission of the Producing Party, or, in the alternative, by further order of the Court.  Nothing herein shall, however, restrict a qualified recipient from making working copies, abstracts, digests and analyses of Protected Information for use in connection with this litigation and such working copies, abstracts, digests and analyses shall be deemed Protected Information under the terms of this Order.  Further, nothing herein shall restrict a qualified recipient from converting or translating Protected Information into machine readable form for incorporation into a data retrieval system used in connection with this action, provided that access to that Protected Information, in whatever form stored or reproduced, shall be limited to qualified recipients.

7.6    At the request of any party, the original and all copies of any deposition transcript, in whole or in part, shall be marked HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE by the reporter.  This request may be made orally during the deposition or in writing within fourteen (14) days of receipt of the final certified transcript.  Deposition transcripts shall be treated by default as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY until the expiration of the time to make a confidentiality designation.  Any portions so designated shall thereafter be treated in accordance with the terms of this Order.

7.7    Absent agreement, Protected Information may not be exported outside the United States or released to any foreign national (even if within the United States) unless the foreign national (1) is a Green Card holder, (2) working in the United States pursuant to an H-1B visa

sponsored by the Receiving Party's law firm, or (3) directly employed by the Receiving Party's law firm to provide support or legal representation to the firm's clients and who are otherwise unaffiliated with the Receiving Party.  Should any Protected Information be subject to export outside of the United States upon agreement of the parties, the Receiving Party shall comply with all applicable laws and regulations relating to the export and agrees not to knowingly export, reexport, or transfer the Protected Information of the Producing Party without first obtaining all required United States or any other applicable authorizations or licenses.

## 8.    NON-PARTY USE OF THIS PROTECTIVE ORDER

8.1    A non-party producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information pursuant to the terms of this Order.

8.2    A non-party's use of this Order to protect its Protected Information does not entitle that non-party access to the Protected Information produced by any party in this case.

## 9.    INADVERTENT PRODUCTION

9.1    A designation of Confidential Information may be made at any time.  Inadvertent or unintentional production of information that should have been designated shall not be deemed a waiver in whole or in part of a claim for confidential treatment.  A party that inadvertently or unintentionally produced Confidential Information without designating it may request destruction of that Confidential Information by promptly notifying the recipients in writing and providing a replacement that is properly designated.  The recipients shall then destroy all copies of the inadvertently or unintentionally produced Confidential Information.

9.2    Nothing in this Order shall require production of information that a party contends is protected from disclosure by the attorney-client privilege, the work product immunity or other privilege, doctrine, right, or immunity.

9.3    If information subject to a claim of attorney-client privilege, work product immunity, or other privilege, doctrine, right, or immunity is nevertheless inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver or estoppel as to any such privilege, doctrine, right or immunity.  Any party that inadvertently produces materials protected by the attorney-client privilege, work product privilege, or other privilege, doctrine, right, or immunity may obtain the return of those materials by notifying the recipient(s).  The recipient(s) shall promptly gather and return all copies of the privileged material to the Producing Party, except for any pages containing privileged markings by the recipient, which pages shall instead be destroyed and certified as such by the recipient to the Producing Party.  The record of the identity and nature of an inadvertently produced document may not be used for any purpose other than in preparation of a motion to compel the production of the same document in this action.  No information in an inadvertently produced document may be used or relied upon for any other purpose in this litigation until the Court so orders.  After the return of the document(s), the Receiving Party may challenge the Producing Party's claim(s) of privilege or work-product by making a motion to the Court.

9.4    Pursuant to Federal Rule of Evidence 502(d), any privilege or protection shall not be waived by inadvertent disclosure connected with this action.  The inadvertent production by a party of any document or information subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, despite the Producing Party's reasonable efforts to prescreen such document or information prior to production, will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production.

**10.    UNAUTHORIZED DISCLOSURE**

10.1    Should any Protected Information be disclosed by the Receiving Party to any person not authorized to receive such Protected Information under this Order, then that Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Attachment A.

**11.    MISCELLANEOUS PROVISIONS**

11.1    Any of the notice requirements herein may be waived, in whole or in part, but only in writing signed by the attorney-in-charge for the party against whom such waiver will be effective.

11.2    <u>Final Judgment or Settlement</u>

11.2.1 Within sixty days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted against all parties in this action, each party shall either return or destroy all Protected Information it has received, and shall destroy in whatever form stored or reproduced, all copies, compilations, and any other format reproducing Protected Information.  Notwithstanding this provision, outside litigation counsel of record are not required to delete archival copies of all pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at any hearing or trial, and their attorney work product which refers or is related to any Confidential Information for archival purposes only.  If a party opts to destroy Confidential Information, the party must provide a Certificate of Destruction to the Producing Party.

11.2.2  All archival copies that contain Protected Information shall remain subject to this Order.

11.2.3  In the event that a party is dismissed before the entry of a final non-appealable judgment or order, this same procedure shall apply to any Protected Information received from or produced to the dismissed party.

11.3    <u>Other Proceedings</u>.  By entering this order and limiting disclosure of information from this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a request or order to disclose another party's Protected Information shall (i) promptly notify in writing that party of the request or order (including a copy of the request or order) so that the party may have an opportunity to appear and be heard on whether that information should be disclosed, (ii) promptly notify in writing the person who caused the request or order in the other case that the information is subject to this Protective Order (including a copy of this Protective Order), and (iii) shall not produce any Protected Information before a determination by the court, unless it obtains the Designating Party's permission.

11.4    Testifying experts shall not be subject to discovery of any draft of their reports in this case and such draft reports, notes, outlines, or any other writings leading up to an issued report(s) in this litigation are exempt from discovery.  In addition, all communications between counsel for a party and that party's testifying expert, and all materials generated by a testifying expert with respect to that person's work, are exempt from discovery unless they relate to the expert's compensation or identify facts, data or assumptions relied upon by the expert in forming any opinions in this litigation and such information is not already disclosed in the expert's report.

11.5    No party shall be required to identify on their respective privilege log any document or communication with that party's outside counsel dated on or after the filing of the lawsuit, which absent this provision, the party would have been obligated to so identify on said privilege log.  The parties shall exchange their respective privilege document logs at a time to be agreed upon by the parties following the production of documents.

11.6    This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Order, when convenience or necessity requires.  Furthermore, without application to this Court, any party that is a beneficiary of the protections of this Order may enter a written agreement releasing any other party hereto from one or more requirements of this Order even if the conduct subject to the release would otherwise violate the terms herein.

11.7    The United States District Court for the District of Delaware is responsible for the interpretation and enforcement of this Order.  After termination of this litigation, the provisions of this Order shall continue to be binding except with respect to those documents and information that become a matter of public record.  This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Information for enforcement of the provision of this Order following termination of this litigation.  All disputes concerning Protected Information produced under the protection of this Order shall be resolved by the United States District Court for the District of Delaware.

11.8    Nothing in this Order shall preclude or impede outside litigation counsel of record's ability to communicate with or advise their client in connection with this litigation only based on such counsel's review and evaluation of Protected Information, provided however, that such

communications or advice shall not disclose or reveal the substance or content of any Protected Information other than as permitted under this Order.

11.9    This Order applies to pretrial discovery.  Nothing in this Order shall be deemed to prevent the parties from introducing Protected Information into evidence at trial, subject to any pretrial order issued by this Court.

11.10   Each of the parties agrees to be bound by the terms hereof upon entry of this Order by the Court.


Dated: December 19, 2024                          Respectfully submitted,


**SMITH, KATZENSTEIN & JENKINS LLP**     **ASHBY & GEDDES**

*/s/ Daniel A. Taylor*                           */s/ Steven J. Balick*
Neal C. Belgam (No. 2721)                  Steven J. Balick (No. 2114)
Daniel A. Taylor (No. 6934)                Andrew C. Mayo (No. 5207)
1000 West Street, Suite 1501               500 Delaware Avenue, 8th  Floor
Wilmington, DE 19801                       P.O. Box 1150
(302) 652-8400                             Wilmington, DE 19899
nbelgam@skjlaw.com                         (302) 654-1888
dtaylor@skjlaw.com                         sbalick@ashbygeddes.com
                                           amayo@ashbygeddes.com
*Attorneys for Plaintiff VB Assets, LLC*
                                           *Attorneys for Defendant Amazon.com Services*
                                           *LLC*


SO ORDERED this 20th of December 2024.

_____
The Honorable Maryellen Noreika
United States District Judge

**<u>ATTACHMENT A</u>**

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

My name is _____

I reside at_____

My present employer is _____

My present occupation or job description is _____

I have read the Stipulated Protective Order dated _____, and am being disclosed as _____ on behalf of _____ in the preparation and conduct of litigation styled *VB Assets, LLC v. Amazon.com Services LLC*, C.A. No. 24-839-MN.

I am fully familiar with and agree to comply with and be bound by the provisions of said Protective Order. I understand that I am to retain all copies of any documents designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY and/or HIGHLY CONFIDENTIAL – SOURCE CODE, or any similar designation, in a secure manner, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any information designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY and/or HIGHLY CONFIDENTIAL – SOURCE CODE, or any similar designation, are to be returned to counsel who provided me with such material.

I will not divulge to persons other than those specifically authorized by said Protective Order and will not copy or use except solely for the purpose of this action, any information obtained pursuant to said Protective Order, except as provided in said Protective Order. I also agree to notify and ensure compliance of any support personnel who I am employ and are required to assist me in this action of the terms of said Protective Order.

I agree not to be involved in any Patent-Prosecution-Related Work as that term is defined in the Stipulated Protective Order, during the pendency of this Action and for two years thereafter.

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action and appoint _____ as my agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

By: _____

Executed on: _____